IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO HATRI WOOTEN,

        Plaintiff,                          No. CIV S-07-1703 GEB GGH P

    vs.

TERRY, et al.,

        Defendants.

_____/        <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        By Order, filed on 10/17/07, the court noted that the certificate portion of plaintiff's request for leave to proceed in forma pauperis had not been filled out and that plaintiff had not filed a certified copy of his prison (or jail) trust account for the six month period preceding the filing of his complaint and directed plaintiff to rectify the deficiencies of his in forma pauperis application. On 11/1/07, plaintiff requested a 60-day extension of time averring that he had tried six times by way of a message routed to the Sacramento County Sheriff's Department cashier to have the certificate portion of the application filled out and to have a certified trust account statement provided. Despite his efforts, plaintiff was unsuccessful. In an

1

1  Order, filed on 11/8/07, the court granted plaintiff a 30-day time extension to make the requisite
2  showing, but also directed plaintiff to provide the appropriate Sacramento County Jail officials
3  with a copy of the 11/8/07 Order, as well as the appropriate forms and to inform the court prior to
4  the expiration of the time extension whether jail officials did not permit completion of plaintiff's
5  in forma pauperis affidavit.  Plaintiff, as of 11/28/07, indicates he is still being stymied in his
6  efforts to process his application and seeks the court's intervention.

7         The court could proceed to issue a show cause order to the Sacramento County
8  Sheriff's Dept., under the All Writs Act, 28 U.S.C. § 1651(a), which permits the court to issue
9  writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and
10 principles of law."  See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir.
11 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977).  However, whether or
12 not some jail personnel are engaging in a form of delaying tactics by obstructing plaintiff's
13 efforts, this court perceives no benefit to engaging in a process that would only further delay this
14 matter.  Instead, in the interest of judicial economy, the court elects to revisit the initial, not fully
15 completed application, for in forma pauperis status and deem that the declaration therein makes
16 the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma
17 pauperis will be granted.

18        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28
19 U.S.C. § 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently
20 without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.
21 § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding
22 month's income credited to plaintiff's prison trust account.  These payments shall be collected
23 and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
24 plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
25 § 1915(b)(2).

26        The complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983

and 28 U.S.C. § 1915A(b).  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for the following defendants: Sacramento County Jail Supervising Registered Nurse (R.N.) T. Smith; R.N. Terry; Sacramento County Jail Sheriff's Deputy Salzano; Deputy Bartisone; Deputy Jordan.

4. The Clerk of the Court shall send plaintiff five (5) USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed August 21, 2007.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Six (6) copies of the endorsed complaint filed August 21, 2007.

6. Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: 12/19/07   /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009 - woot1703.1a

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO HATRI WOOTEN,

        Plaintiff,                      No. CIV S-07-1703 GEB GGH P

    vs.

TERRY, et al.,

        Defendants.              NOTICE OF SUBMISSION

                                          OF DOCUMENTS

_____/

        Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

           1        completed summons form

           5        completed USM-285 forms

           6        copies of the  8/21/07
                                             Complaint

DATED:

                                                 Plaintiff